Melvyn V. **KRAUSS,** Plaintiffs,

v.

**FIRST CITY NATIONAL BANK AND TRUST COMPANY, Defendant.**

**No. 87 Civ 5585 (SWK).**

United States District Court, S.D. New York.

April 11, 1989.

Clayton P. Wood, Delafield, Hope & Linker, New York City, for plaintiffs.

Irving Rothfarb, Bizar, D'Allessandro Shustak & Martin, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

BARBARA A. LEE, United States Magistrate.

This is an action for securities fraud by a borrower against a bank which loaned him $63,000 in connection with his investment in a tax shelter. It was referred to me for pretrial supervision by the Hon. Shirley Wohl Kram, U.S.D.J., by Order of Reference entered March 30, 1988. Presently before me is plaintiff's motion, filed more than two months after the close of discovery, to compel further responses to certain discovery requests, the earliest of which has been outstanding since November, 1987. For the reasons herein stated, the motion is denied and defendant is awarded its costs and expenses, including reasonable attorneys' fees, pursuant to Rule 37.

## BACKGROUND

This action was filed August 4, 1987. The complaint alleges, in vague and conclusory terms, a conspiracy between the defendant bank and the promoter of a tax shelter in which plaintiff invested in 1986, pursuant to which defendant allegedly "caused" plaintiff to borrow $63,000 in connection with the investment and thereafter "diverted" the proceeds. Plaintiff contends that the acts of the defendant bank violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5 (Cplt. ¶ III), as well as various provisions of the Investment Company Act of 1940 and the Investment Advisers Act of 1940, 15 U.S.C. §§ 80a–1 et seq., 80b–1 et seq. (Cplt. ¶ IV).[1]

The discovery disputes at issue on this motion were discussed at pretrial conferences before me on June 3 and August 3, 1988. On the basis of the reports given by counsel at those conferences and following specific directions concerning compliance with the conference requirements of local Civil Rule 3(f), I set the following deadlines:

August 5   Completion of defendants' document production

August 19   Report by letter on any remaining disputes not resolved by conference between counsel following August 5 deadline

August 31   Deadline for completion of discovery, unless an extension were requested in writing by August 25 for good cause shown

These deadlines appear to have been largely ignored, except that by letter dated August 24, 1988, plaintiff requested an unspecified "extension of time to complete the depositions in this litigation." By memorandum order (endorsed) entered August 30, 1988, I directed that two depositions of non-party witnesses scheduled for September be completed without further adjournment, and that all other discovery be completed by the original August 3 deadline. A further pretrial conference was scheduled for September 30.

At the September 30 conference, plaintiff appeared by an attorney unfamiliar with the prior proceedings, who reported concerning at least one deposition remaining to be taken, notwithstanding the August 30 order, as well as on ongoing disputes about document production. The parties were given until October 25 to move to reopen discovery if good cause could be shown for failure to complete it by the deadline previously fixed. A further pretrial conference was set for November 2, which counsel familiar with the case were required to attend.

At the November 2 conference, it appeared that plaintiff was still complaining about the document production that had been in dispute at the June 3 conference and that the parties had still not complied with the conference requirements of local Civil Rule 3(f). No excuse was given for

---

**1.** References are to the "Verified Complaint," filed August 4, 1987. Plaintiff's motion for leave to amend, filed December 23, 1987, is still pending before the district court. Plaintiff brings this motion on the original complaint, a copy of which is attached to the moving affidavit, and does not contend that the proposed amendment would affect the issues presented on this motion in any way.

failure to comply with the August 19 deadline for seeking judicial resolution of this dispute. Notwithstanding plaintiff's persistent disregard of the discovery rules and prior court orders, counsel were given a final opportunity to confer by November 9 and file a Rule 37 motion by November 16 as to any matters still unresolved.

The instant motion, filed November 9, seeks to compel production of documents "and the supplying of information" called for in four different discovery requests:

(1) Interrogatories dated November 25, 1987;

(2) Rule 34 request dated May 25, 1988;

(3) Documents called for in notices of deposition and subpoenas dated May 25, 1988, June 5, 1988, and August 5, 1988;

(4) Documents requested orally during the deposition of Richard M. Greenberg on August 10, 1988.

## DISCUSSION

■ (1) *Interrogatories.* A few of the questions posed relate to the identity or location of documents or witnesses and thus might have been enforceable in accordance with local Civil Rule 46(a) if timely application had been made. There is no basis for such "first-wave" discovery two months after discovery has closed. The remaining questions, which are much broader, are permissible "only ... if they are a more practical method of obtaining the information sought than a request for production or a deposition." Civil Rule 46(b), S.D.N.Y. Plaintiff has not even attempted to justify these interrogatories in accordance with that standard. Plaintiff has taken the deposition of the principals of the defendant bank and has had ample opportunity to inquire of such matters as the relationships, if any, between "affiliates" of the defendant and "principals" of the "Forum Companies," (Int. 6) or when Mr. Hirschfeld "first suspect[ed] that funds of Forum were being diverted." (Int. 48) (Exhibit C(i) to Affidavit of Clayton P. Wood sworn to November 6, 1988. Exhibits to the Wood affidavit are hereinafter referred to by exhibit number alone.)

(2) *Rule 34 request dated May 25, 1988.* Defendant has produced some documents in response to this very broad document request, while objecting that other material called for is beyond the pale of relevance to the subject matter of this action. It is impossible to discern from plaintiff's motion papers exactly what items are still outstanding. The discussion in the moving affidavit (¶ 29) is limited to those items which were "reiterat[ed] or amplif[ied]" at the depositions of defendant's officers, the procedure plaintiff apparently elected to following instead of making a timely, adequately documented application for relief after compliance with local Civil Rule 3(f) and (*l*). The result is an unclear and unwieldy record, on which plaintiff has failed to make any showing of what relevant documents exist that he contends have not been produced.

(3) *Documents called for by notices of deposition and deposition subpoenas.*

■ (a) *Frederick A. Greenberg.* Simultaneously with the service of the Rule 34 request dated May 25, 1988, plaintiff noticed the deposition of defendant by its chairman, A. Frederick Greenberg, for July 12, 1988. Since defendant's response to the Rule 34 request was due June 25, there was ample time for conferences between counsel as well as for analysis of defendant's documents by plaintiff's attorney and selection of the ones about which he wished to question Mr. Greenberg. Instead, plaintiff duplicated, in the notice of deposition and in a subpoena to Mr. Greenberg, the identical broad demands. It is at best doubtful whether defendant could have been required to produce such a large volume of materials at a deposition in any event, *see* Advisory Committee Note to 1970 Amendment to Rule 30(b)(5), Fed.R. Civ.P.; in any event plaintiff was certainly not entitled to require production twice. The issue is moot, however, since the documents were expressly requested pursuant to Rule 30(b)(5) for use on the deposition. If plaintiff was indeed hampered in his examination by the defendant's failure to produce particular documents, plaintiff should have raised that issue before the

deposition was concluded, not two months after the close of discovery.[2]

(b) *Harry Hirschfeld.* Mr. Hirschfeld appears to be a non-party witness from whom plaintiff sought production of the same broad categories of documents demanded of defendant in the May 25 Rule 34 request and notice of deposition. (Ex. C(v) and (vi)). It does not appear from the record on this motion whether any documents were produced at Mr. Hirschfeld's deposition, or why plaintiff commenced no subpoena enforcement proceedings against him pursuant to Rule 45, Fed.R.Civ.P. Plaintiff's dispute with Mr. Hirschfeld is in any event irrelevant on this motion to compel production by defendant.

■ (4) *Requests made during the deposition of Richard A. Greenberg.* A letter from defendant's attorney dated October 28, 1988 (Ex. F), makes clear that the relevant portions of these requests have been responded to. The additional information sought by plaintiff, summarized in ¶¶ 29–50 of the moving affidavit, is not shown to be "relevant to the subject matter involved in the pending action" within the meaning of Rule 26, Fed.R.Civ.P. On the contrary, much of it is pure speculation. For example, ¶ 49 seeks reports filed by the defendant bank with regulatory authorities, in the hope that they "may (or may not) disclose defaults in loans including the Ron Williams loan." Assuming, *arguendo*, that defaults in loans to other persons may have some relevance to plaintiff's fraud claim against defendant, if plaintiff's direct discovery of the bank and of Williams did not turn up any evidence of such defaults, there is no reason for an excursion through regulatory reports in the hope that something may turn up. Other matters plaintiff seeks are clearly intended to open up whole new areas of inquiry, *e.g.*, ¶ 37, which plaintiff characterizes as a "a beginning point in establishing that the loan moneys were diverted for payment of commissions and preexisting loans"; ¶ 36, "prior pattern of

similar enterprise" in other investments. The time is long past for exploratory discovery of this kind.

Rule 37(a)(4), Fed.R.Civ.P., requires an award of expenses, including reasonable attorneys' fees, after opportunity for hearing "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Defendant may serve and file affidavits evidencing its expenses by May 1, 1989. Attorneys' fees will not be awarded unless documented in accordance with the requirements of *New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136 (2d Cir.1983). Plaintiff may serve and file opposing papers, including a written request for a hearing by May 15, 1989. If a hearing is requested, plaintiff must specify the disputed issues of fact to be heard.

It is so ordered.

The foregoing determination is made pursuant to 28 U.S.C. § 636(b)(1)(A). Any party may object to this determination by filing written objections in accordance with the procedure specified in Fed.R.Civ.P. 72(a) and Rule 7 of the local Rules for Proceedings before Magistrates.

---

**2.** It does not appear from the record on this motion whether the deposition went forward on July 12 as scheduled, or what happened when it did. Whatever the date, it was after the initial June 3 pretrial conference at which my guidelines for the informal resolution of discovery disputes were explained to counsel, so that counsel should have requested a telephone conference during the deposition to resolve any disputes about deposition procedure.